Gordon Semple HALLEY, Petitioner,

v.

John ASHCROFT, et al., Respondents.

No. 99–CV–4710 NG.

United States District Court,
E.D. New York.

May 22, 2001.

Gordon Semple Halley, Ferriday, LA, Petitioner Pro se.

Scott Dunn, Asst. U.S. Atty., Brooklyn, NY, for Respondents.

### ORDER

GERSHON, District Judge.

Petitioner Gordon Semple Halley is an alien under a final order of deportation for conviction of an aggravated felony and a drug-related offense pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(1). He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 13, 1999, requesting a stay of deportation and challenging a decision by the Board of Immigration Appeals ("BIA") finding him ineligible for relief from removal under old § 212(c) of the Immigration and Nationality Act ("INA"). Respondents have agreed to stay petitioner's removal pending the adjudication of this application for a writ of habeas corpus. On February 21, 2001, I issued an order granting a writ of habeas corpus to petitioner, vacating his removal order and remanding his case to the BIA for further proceedings pursuant to the old INA § 212(c). However, on March 12, 2001, I stayed my decision of February 21, 2001 pending the appeals of *St. Cyr v. INS*, 229 F.3d 406 (2d Cir.2000), *cert. granted*, 531 U.S. 1107, 121 S.Ct. 848, 148 L.Ed.2d 733 (2001) and *Calcano–Martinez v. INS*, 232 F.3d 328 (2d Cir.2000), *cert. granted*, 531 U.S. 1108, 121 S.Ct. 849, 148 L.Ed.2d 733 (2001).

Petitioner now moves for an immediate release from custody or in the alternative bail, pursuant to the Court of Appeals' recent decision in *Mapp v. Reno*, 241 F.3d 221, 223–30 (2d Cir.2001), which held that federal courts have inherent authority to admit habeas petitioners to bail in the immigration context.

Under the statutory scheme for the detention of aliens under final orders of deportation, the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. *See* 8 U.S.C. § 1231(a)(1)(A). During this removal period, the Attorney General must detain aliens convicted of aggravated felonies and crimes involving controlled substances. *See* 8 U.S.C. § 1231(a)(2). If the Attorney General has not effected removal within the removal period, and an alien has been convicted of an aggravated felony or a crime involving a controlled substance; or the Attorney General has determined that the alien is a risk to the community or unlikely to comply with an order of removal, the Attorney General may either continue to detain the alien or release the alien subject to supervision. *See* 8 U.S.C. § 1231(a)(6).

In *Mapp*, the government acknowledged that the Attorney General had discretion to consider bail pursuant to 8 U.S.C. § 1231(a)(6), but had failed to exercise that discretion because the INS had mistakenly believed continued detention was mandatory. *See* 241 F.3d at. 229 n. 12. In this case, unlike *Mapp*, the INS exercised its discretion and determined, by decision dated March 14, 2001, that petitioner was not eligible for supervised release because he is a risk to the community and dangerous.

As the Court of Appeals recognized in *Mapp*, "it may be the case that had the INS exercised its discretion under § 1231(a)(6) and decided not to release [a petitioner] on bail, we would be required to

defer to its decision...." 241 F.3d at 229 n. 12. Even assuming that the court is not required to defer to an INS exercise of its discretion under 8 U.S.C. § 1231(a)(6), petitioner is not entitled to bail. *Mapp* recognizes that the authority of the court to admit a habeas petitioner to bail should be exercised "only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.... The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." 241 F.3d at 223, 226, 229. As in *Mapp*, petitioner has not demonstrated why the grant of bail is necessary to make the discretionary Section 212(c) hearing, which guarantees neither his release from detention nor vacature of the INS's order of removal, effective. *See* 241 F.3d at 230–31. Thus, even assuming the court is not required to defer to the INS's exercise of its discretion in determining whether to grant bail, petitioner is not entitled to be released on bail. While the petition raises substantial claims and indeed has been granted, petitioner has failed to show that bail is necessary to make his habeas remedy effective.

Petitioner's motion for immediate release from custody or in the alternative bail is denied.

**SO ORDERED.**